UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

RICARDO BENTHAM,

Plaintiff,

-against-

**FIRST AMENDED
COMPLAINT AND JURY
DEMAND**

CITY OF NEW YORK, P.O. MATTHEW LOCASIO
(TAX ID NO. 951929), JENNIFER KIRLAND and JOHN
DOES 1 through 3,

**1:25-cv-03608 (LKE)**

Defendants.
--------------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.  This lawsuit is a civil action for damages brought pursuant to 42 U.S.C. §§ 1981 and 1983, the Fourth and Fourteenth Amendments to the United States Constitution, the New York State Constitution, the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"), arising from the false arrest, malicious prosecution, racial discrimination, and abuse of legal process suffered by Plaintiff Ricardo Bentham, a Black, 64-year-old professional tax preparer and entrepreneur, at the hands of officers of the New York City Police Department ("NYPD"), including Police Officer Matthew Locasio. The NYPD's unlawful, discrimination against Plaintiff was facilitated by patently false and legally insufficient allegations of criminal misconduct which were reported by Plaintiff's former domestic partner, Jennifer Kirkland.

2.  Plaintiff was wrongfully arrested at his place of business, an H&R Block franchise, in full view of his staff and clients, and prosecuted without probable cause on patently false allegations. Despite indisputable proof of co-ownership of the property involved,

1

and the lack of criminal conduct, Plaintiff was subjected to a humiliating public arrest and an unjust prosecution, rooted in discriminatory disregard for his rights and dignity as an American citizen and human being.

3. Plaintiff seeks compensatory and punitive damages, attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction of this case under 28 U.S.C. § 1331, in that the claims arise, *inter alia*, under federal law, under 28 U.S.C. § 1343(a), as the claims arise under laws providing for the protection of civil rights and under 42 U.S.C. § 1983.

5. This Court has subject matter jurisdiction of this case under 28 U.S.C. §1332, as Plaintiff alleges violations of his rights under, *inter alia*, the Fourth and Fourteenth Amendments to the United States Constitution.

6. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 in that this case involves claims brought under the laws of the City and State of New York.

7. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Eastern District of New York in that Plaintiff's claims arose in this District, many of the Defendants' actions and omissions complained of occurred in this District, in the borough and county of Queens.

8. If successful, Plaintiff is entitled to costs and attorneys' fees under 42 U.S.C. § 1988(b).

## PARTIES

9. Plaintiff RICARDO BENTHAM is a Black male citizen of the United States, residing at 111-28 197th Street, St. Albans, Queens, New York 11412. At all relevant times,

he was the co-owner of residential property and the sole owner of an H&R Block franchise located at 113-35 Farmers Boulevard, St. Albans, Queens, New York.

10. Defendant CITY OF NEW YORK is a municipal entity within New York State that maintains, manages and operates NYPD as one of its municipal departments. It is responsible for the training, supervision, and conduct of NYPD members of service.

11. Defendant POLICE OFFICER MATTHEW LOCASIO (Tax Reg. #951929) was at all relevant times a duly appointed officer and member of service of the NYPD, acting within the scope of his employment and under color of state law. He is sued in both his individual and official capacities.

12. Defendant JENNIFER KIRKLAND was at all relevant times a resident of New York State, Borough and County of Queens.

13. Defendants JOHN DOES 1–3 are unidentified NYPD officers who participated in or failed to intervene in the constitutional violations described herein. They are sued in their individual and official capacities.

## STATEMENT OF FACTS

14. On or about April 9, 2024, Plaintiff Ricardo Bentham was falsely arrested by Defendant Officer Matthew Locasio at his place of business, an H&R Block franchise which he owns, located at 113-35 Farmers Boulevard, Queens, New York.

15. Officer Locasio arrested Mr. Bentham on allegations that he had damaged property within a house that he _lawfully co-owned_. These allegations were based on information that was not only obviously false but facially insufficient to establish probable cause.

16. The false allegations were levied against Plaintiff by defendant Jennifer Kirkland, his former domestic partner and the mother of his two year-old daughter. Defendant Kirkland reported to police that Plaintiff had damaged the home security system _of the house where they co-habitated,_ an allegation Plaintiff flatly denies but which, even if

true, does not create probable cause for arrest, in light of Plaintiff's co-ownership of the property, including the home security system.

17. Despite clear evidence of Plaintiff's legal co-ownership of the property in question — evidence which negated the criminality of the alleged conduct — Defendant Locasio effectuated an arrest without a warrant and without probable cause.

18. Plaintiff was handcuffed, taken into police custody, and detained for approximately twenty-seven (27) hours.

19. His public arrest at his business, in front of employees and clients, caused him deep humiliation, reputational damage, and emotional trauma.

20. Plaintiff was criminally charged and prosecuted by the Queens County District Attorney's Office, requiring multiple court appearances before the charges were dismissed on the merits and the records sealed on July 19, 2024.

21. The arrest and prosecution were initiated and continued despite the existence of readily available, exculpatory evidence demonstrating that Plaintiff lawfully owned the premises and could not, as a matter of law, be guilty of the alleged offense.

22. The decision to arrest and prosecute Plaintiff, under circumstances where a similarly situated white property owner would not have been arrested at all, much less arrested at their place of business, was motivated in substantial part by racial bias.

23. Plaintiff filed a timely Notice of Claim with the City of New York on July 1, 2024, and appeared for a General Municipal Law § 50-h hearing on September 13, 2024. The City has failed to settle or adjust the claim and more than thirty (30) days since its filing have passed.

## FEDERAL CLAIMS

### AS AND FOR A FIRST CAUSE OF ACTION
### (FALSE ARREST UNDER 42 U.S.C. § 1983)

24.  Plaintiff incorporates and reiterates each and every paragraph above as though fully set forth herein.

25.  All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

26.  Defendant LOCASIO intentionally confined Plaintiff RICARDO BENTHAM by placing handcuffs on him at Plaintiff's place of business and, thereafter, taking Plaintiff RICARDO BENTHAM into police custody.

27.  Plaintiff RICARDO BENTHAM was conscious of the confinement.

28.  Plaintiff RICARDO BENTHAM did not consent to the confinement.

29.  The confinement was not otherwise privileged.

30.  There was no probable cause for the confinement.

31.  As a result, Defendant LOCASIO arrested Plaintiff RICARDO BENTHAM without probable cause and unlawfully imprisoned him.

32.  All of the aforementioned acts deprived Plaintiff RICARDO BENTHAM of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

33.  The acts complained of were carried out by the aforementioned individual defendant, in his capacity as a police officer, with the entire actual and/or apparent authority attendant thereto.

34.  The acts complained of were carried out by the aforementioned individual defendant pursuant to the customs, usages, policies, practices, procedures, and the rules of

defendant CITY OF NEW YORK and the New York City Police Department, all under the supervision of rankings officers of said department.

35. Through the acts complained of, defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, policy, procedure or rule of the respective municipality, which is forbidden by the Constitution of the United States.

36. As a result of the foregoing, Plaintiff RICARDO BENTHAM is entitled to compensatory damages, in an amount to be fixed by a jury, and is further entitled to punitive damages against Defendant POLICE OFFICER MATTHEW LOCASIO and Defendant CITY OF NEW YORK ("NYPD Defendants") in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983 - AGAINST THE NYPD DEFENDANTS)**

37. Plaintiff incorporates and reiterates each and every paragraph above as though fully set forth herein.

38. Defendant LOCASIO initiated and continued a criminal proceeding against Plaintiff RICARDO BENTHAM.

39. The criminal proceeding terminated in favor of Plaintiff RICARDO BENTHAM through the dismissal of all criminal charges on the merits and the sealing thereof, indicating his innocence.

40. There was never any probable cause for the criminal proceeding.

41. Defendant LOCASIO acted with actual malice against Plaintiff RICARDO BENTHAM.

42. Plaintiff RICARDO BENTHAM suffered a post-arraignment deprivation of liberty based on several post-arraignment criminal court appearances where he was required to appear under threat of contempt of court and further arrest.

43. As a result of the foregoing, Plaintiff RICARDO BENTHAM is entitled to compensatory damages, in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**
**(ABUSE OF PROCESS UNDER 42 U.S.C. § 1983 - AGAINST THE NYPD DEFENDANTS)**

44. Plaintiff incorporates and reiterates each and every paragraph above as though fully set forth herein.

45. Defendant LOCASIO employed regularly issued legal process under color of New York state law.

46. Defendant LOCASIO used the legal process with intent to do harm against Plaintiff RICARDO BENTHAM without justification.

47. Defendant LOCASIO used the legal process to achieve a collateral objective outside of the legitimate ends of that process.

48. Defendant LOCASIO acted under color of New York state law.

49. As a result of the foregoing, Plaintiff RICARDO BENTHAM is entitled to compensatory damages, in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A FOURTH CAUSE OF ACTION**

**(VIOLATION OF EQUAL PROTECTION CLAUSE UNDER 42 U.S.C. § 1983 - AGAINST THE NYPD DEFENDANTS)**

50. Plaintiff incorporates and reiterates each and every paragraph above as though fully set forth herein.

51. The Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution prohibits governments from applying or passing laws that target or otherwise treat similarly situated individuals differently on the basis of certain protected classes including, but not limited to, an individual's race, ethnicity, religion and gender. Specifically, the equal protection clause states that: "No State shall make or enforce any law which shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1.

52. Defendant LOCASIO denied Plaintiff RICARDO BENTHAM equal protection under the law based on his race as a Black individual.

53. Defendant LOCASIO, acting under color of New York state law, intentionally treated Plaintiff RICARDO BENTHAM differently than other individuals who are similarly situated and of a different race.

54. Such differential treatment was motivated at least in part by Defendant LOCASIO's discriminatory intent and/or racial animus.

55. Specifically, Defendant LOCASIO denied Plaintiff RICARDO BENTHAM equal protection under the law, based on his racial identity as a person of African descent, by arresting him without probable cause, by arresting him with deliberate indifference to the existence of probable cause through the failure to investigate and/or performing a subpar criminal investigation, and by arresting him in an unnecessarily public manner at Plaintiff's place of employment in front of his employees.

56. The dismissive, degrading and callous manner in which Defendant LOCASIO treated Plaintiff RICARDO BENTHAM constitutes disparate treatment, as Defendant

LOCASIO would not have treated Plaintiff in that manner had he been a white individual.

57. As a result of the foregoing, Plaintiff RICARDO BENTHAM is entitled to compensatory damages, in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**(FAILURE TO INTERVENE UNDER 42 U.S.C. § 1983 -**
**AGAINST THE NYPD DEFENDANTS)**

58. Plaintiff incorporates and reiterates each and every paragraph above as though fully set forth herein.

59. The NYPD Defendants, including but not limited to Defendants JOHN DOES 1 through 3, had an affirmative duty to intervene on behalf of Plaintiff RICARDO BENTHAM, whose constitutional rights were being violated in their presence by fellow officers, including but not limited to Defendant LOCASIO.

60. The NYPD Defendants failed to prevent the unlawful conduct described herein.

61. As a result of the foregoing, Plaintiff RICARDO BENTHAM is entitled to compensatory damages, in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A SIXTH CAUSE OF ACTION**
**(SUPERVISORY LIABILITY UNDER 42 U.S.C. § 1983 - AGAINST**
**THE NYPD DEFENDANTS)**

62. Plaintiff incorporates and reiterates each and every paragraph above as though fully set forth herein.

63. The supervisory defendants, including but not limited to Defendants JOHN DOES 1 through 3, personally caused Plaintiff RICARDO BENTHAM constitutional injury by

being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

64. As a result of the foregoing, Plaintiff RICARDO BENTHAM is entitled to compensatory damages, in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### (MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983 – AGAINST DEFENDANT CITY OF NEW YORK)

65. Plaintiff incorporates and reiterates each and every paragraph above as though fully set forth herein.

66. The NYPD Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, policy, practice, procedure or rule of the respective municipality, which is forbidden by the Constitution of the United States.

67. The aforementioned customs, usages, policies, practices, procedures, and the rules of the City of New York and the New York City Police Department ("NYPD") included, but were not limited to, arresting persons of African descent with deliberate indifference to the existence of probable cause for the arrest and/or where there is a deliberate failure to recognize the absence of probable cause for arrest, or conscious indifference to the the absence of probable cause for arrest, based on the failure to investigate or the failure to investigate with due diligence.

68. In addition, the fact that Defendant City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees was the moving force behind the violation of Plaintiff RICARDO BENTHAM's rights, as described herein. As a result of the failure of the City of New

York to properly recruit, screen, train, discipline and supervise its officers, including Defendant LOCASIO, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

69. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and NYPD constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiff RICARDO BENTHAM.

70. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiff RICARDO BENTHAM, as alleged herein.

71. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and NYPD were the moving force behind the constitutional violations suffered by Plaintiff RICARDO BENTHAM, as alleged herein.

72. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and NYPD, Plaintiff RICARDO BENTHAM was detained, arrested and criminally prosecuted without probable cause.

73. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff RICARDO BENTHAM.

74. All of the foregoing acts by defendants deprived Plaintiff RICARDO BENTHAM of federally protected rights, including, but not limited to, the right: to be free from seizure and arrest not based on probable cause.

75. As a result of the foregoing, Plaintiff RICARDO BENTHAM is entitled to compensatory damages, in an amount to be fixed by a jury, and is further entitled to

punitive damages against the NYPD Defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**<u>SUPPLEMENTAL STATE LAW CLAIMS</u>**

76. Plaintiff RICARDO BENTHAM duly incorporates and reiterates each and every paragraph above as though fully set forth herein.

77. Within ninety (90) days after the claim herein accrued, Plaintiff RICARDO BENTHAM duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under General Municipal Law § 50-e.

78. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

79. This action was commenced within one (1) year and ninety (90) days after the causes of action herein first accrued.

80. Plaintiff RICARDO BENTHAM has duly complied with all conditions precedent to maintaining the instant action.

81. This action falls within one or more of the exceptions outlined in CPLR § 1602.

**AS AND FOR AN EIGHTH CAUSE OF ACTION<br>RESPONDEAT SUPERIOR LIABILITY<br><u>(NYPD DEFENDANTS)</u>**

82. Plaintiff incorporates and reiterates each and every paragraph above as thoughfully set forth herein.

83. At all relevant times, Defendant LOCASIO, and Defendant John Does 1 through 3, were employees of Defendant CITY OF NEW YORK.

84. At all relevant times, Defendant LOCASIO, and Defendant John Does 1 through 3, were acting within the scope of their employment through their actions and omissions directed at Plaintiff RICARDO BENTHAM.

85. Defendant CITY OF NEW YORK is liable to Plaintiff RICARDO BENTHAM for the aforementioned acts and omissions of Defendant LOCASIO, and Defendant John Does 1 through 3, under the doctrine of *respondeat superior*.

86. By virtue of the above, Plaintiff RICARDO BENTHAM has suffered actual damages and is entitled to compensatory damages, in an amount to be fixed by a jury, and is further entitled to punitive damages against the NYPD Defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A NINTH CAUSE OF ACTION**
**(FALSE ARREST UNDER THE LAWS OF THE STATE OF NEW YORK AGAINST ALL DEFENDANTS)**

87. Plaintiff incorporates and reiterates each and every paragraph above as though fully set forth herein.

88. Defendant LOCASIO, and Defendant John Does 1 through 3, arrested Plaintiff RICARDO BENTHAM without probable cause.

89. Plaintiff RICARDO BENTHAM was detained against his will for an extended and signficant period of time and subjected to physical restraints.

90. As a result of the aforementioned conduct, Plaintiff RICARDO BENTHAM was unlawfully imprisoned in violation of the laws of the State of New York.

91. As a result of the aforementioned conduct, Plaintiff RICARDO BENTHAM suffered physical and mental injury, together with embarassment, humiliation, shock, fright and loss of freedom.

92. As a result of the aforementioned conduct, Defendant LOCASIO, and Defendant John Does 1 through 3, caused the wrongful arrest of Plaintiff RICARDO BENTHAM.

93. As a result of the foregoing, Plaintiff RICARDO BENTHAM is entitled to compensatory damages, in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees.

## AS AND FOR A TENTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (ALL INDIVIDUAL DEFENDANTS)

94. Plaintiff incorporates and reiterates each and every paragraph above as thoughfully set forth herein.

95. Defendant LOCASIO, and Defendant John Does 1 through 3, engaged in extreme and outrageous conduct towards Plaintiff RICARDO BENTHAM to his detriment.

96. Defendant LOCASIO, and Defendant John Does 1 through 3,, through their extreme and outrageous conduct towards Plaintiff, each individually demonstrated an intent to cause, or disregard of a substantial probability of causing, severe emotional distress in Plaintiff RICARDO BENTHAM.

97. The extreme and outrageous conduct of Defendant LOCASIO, and Defendant John Does 1 through 3, towards Plaintiff directly caused him severe emotional distress.

98. As a result of the foregoing, Plaintiff RICARDO BENTHAM is entitled to compensatory damages, in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
## (VIOLATION OF EQUAL PROTECTION UNDER THE NEW YORK
## STATE CONSTITUTION – NYPD DEFENDANTS)

99. Plaintiff incorporates and reiterates each and every paragraph above as though fully set forth herein.

100. The New York State Constitution, including the equal protection clause thereof, Article 1, Section 11, and the 2024 New York State Equal Rights Amendment thereof, protects people from discrimination and unequal treatment based on, *inter alia*, race, color, ethnicity, national origin, age, disability, creed, religion and sex.

101. Here, as a result of the aforementioned conduct, violated the rights of Plaintiff RICARDO BENTHAM under the New York State Constitution based on his race as a Black individual.

102. Defendant LOCASIO, and Defendant John Does 1 through 3, denied Plaintiff RICARDO BENTHAM equal protection under the New York State Constitution, based on his identity as a person of African descent, by arresting him without probable cause, by arresting him with deliberate indifference to the existence of probable cause through the failure to investigate that issue and/or performing a subpar investigation thereof, and by arresting him in an unnecessarily public manner at his place of employment in front of his employees.

103. The dismissive, degrading and callous manner in which Defendant LOCASIO, and Defendant John Does 1 through 3, treated Plaintiff RICARDO BENTHAM constitutes discrimination and unequal treatment, as Defendant LOCASIO, and Defendant John Does 1 through 3, would not have treated Plaintiff in that manner had he been a white citizen.

104. As a result of the foregoing, Plaintiff RICARDO BENTHAM is entitled to compensatory damages, in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A TWELTH CAUSE OF ACTION**
**(VIOLATION OF NEW YORK CITY HUMAN RIGHTS LAW – AGAINST NYPD DEFENDANTS)**

105. Plaintiff incorporates and reiterates each and every paragraph above as though fully set forth herein.

106. Through Defendants' arrest of Plaintiff RICARDO BENTHAM based, at least in part, on the fact that he is a person of African descent, Defendants violated the rights of Plaintiff RICARDO BENTHAM under New York City Administrative Code § 8-801 through 8-807, the New York City Human Rights Law ("NYCHRL"), as they had a racially discriminatory motivation against Plaintiff RICARDO BENTHAM and that discriminatory motivation caused the arrest.

107. Defendant CITY OF NEW YORK is liable as the employer of Defendant LOCASIO, and Defendant John Does 1 through 3, under New York City Administrative Code § 8-803(b).

108. Qualified immunity is not a defense to this claim.

109. As a result of the foregoing, Plaintiff RICARDO BENTHAM is entitled to compensatory damages, in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A THIRTEENTH CAUSE OF ACTION**
**NEGLIGENT SCREENING, HIRING AND RETENTION**

110. Plaintiff incorporates and reiterates each and every paragraph above as though fully set forth herein.

111. At all relevant times, Defendant LOCASIO, and Defendant John Does 1 through 3, were employees of Defendant CITY OF NEW YORK.

112. Defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of Defendant LOCASIO, and Defendant John Does 1 through 3, who conducted and participated in the arrest of Plaintiff RICARDO BENTHAM.

113. Defendant CITY OF NEW YORK knew or should have known, in the exercise of reasonable care, of the propensities of Defendant LOCASIO, and Defendant John Does 1 through 3, to engage in the wrongful conduct heretofore alleged in this Complaint.

114. As a result of the foregoing, Plaintiff RICARDO BENTHAM is entitled to compensatory damages, in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
### NEGLIGENT TRAINING & SUPERVISION

115. Plaintiff incorporates and reiterates each and every paragraph above as though fully set forth herein.

116. At all relevant times, Defendant LOCASIO, and Defendant John Does 1 through 3, were employees of Defendant CITY OF NEW YORK.

117. Defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of Defendant LOCASIO, and Defendant John Does 1 through 3, who conducted and participated in the aforementioned acts of misconduct towards Plaintiff RICARDO BENTHAM.

118. As a result of the foregoing, Plaintiff RICARDO BENTHAM is entitled to compensatory damages, in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
### (MALICIOUS PROSECUTION UNDER NEW YORK STATE LAW - AGAINST THE NYPD DEFENDANTS)

119. Plaintiff incorporates and reiterates each and every paragraph above as though fully set forth herein.

120. Defendant LOCASIO initiated and continued a criminal proceeding against Plaintiff RICARDO BENTHAM.

121. The criminal proceeding terminated in favor of Plaintiff RICARDO BENTHAM through the dismissal of all criminal charges on the merits and the sealing thereof, indicating his innocence.

122. There was never any probable cause for the criminal proceeding.

123. Defendant LOCASIO acted with actual malice against Plaintiff RICARDO BENTHAM.

124. As a result of the foregoing, Plaintiff RICARDO BENTHAM is entitled to compensatory damages, in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
### (ABUSE OF PROCESS UNDER NEW YORK STATE LAW - AGAINST THE NYPD DEFENDANTS)

125. Plaintiff incorporates and reiterates each and every paragraph above as though fully set forth herein.

126. Defendant LOCASIO employed regularly issued legal process.

127. Defendant LOCASIO used the legal process to achieve a collateral objective outside of the legitimate ends of that process.

128. As a result of that misconduct, Defendant LOCASIO misused the legal process.

129. As a result of the foregoing, Plaintiff RICARDO BENTHAM is entitled to compensatory damages, in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SEVENTEETH CAUSE OF ACTION
### (FALSE ARREST UNDER NEW YORK STATE LAW –
### AGAINST DEFENDANT KIRKLAND)

130. Plaintiff incorporates and reiterates each and every paragraph above as though fully set forth herein.

131. By knowingly making a false police report, Defendant JENNIFER KIRKLAND actively induced the NYPD Defendants to arrest Plaintiff RICARDO BENTHAM without probable cause.

132. As a result thereof, Defendant LOCASIO intentionally confined Plaintiff RICARDO BENTHAM by placing handcuffs on him at Plaintiff's place of business and, thereafter, taking Plaintiff RICARDO BENTHAM into police custody.

133. Plaintiff RICARDO BENTHAM was conscious of the confinement.

134. Plaintiff RICARDO BENTHAM did not consent to the confinement.

135. The confinement was not otherwise privileged.

136. There was no probable cause for the confinement.

137. All of the aforementioned acts deprived Plaintiff RICARDO BENTHAM of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

138. As a result of the foregoing, Plaintiff RICARDO BENTHAM is entitled to compensatory damages against Defendant JENNIFER KIRKLAND, in an amount to be fixed by a jury, and is further entitled to punitive damages against Defendant

JENNIFER KIRKLAND in an amount to be fixed by a jury, plus reasonable attorneys'
fees, costs and disbursements of this action.

**AS AND FOR AN EIGHTEENTH CAUSE OF ACTION**
**(MALICIOUS PROSECUTION UNDER NEW YORK STATE LAW –**
**AGAINST DEFENDANT KIRKLAND)**

139. Plaintiff incorporates and reiterates each and every paragraph above as though fully set forth herein.

140. By knowingly making a false police report, Defendant JENNIFER KIRKLAND knowingly provided false information to law enforcement that led to the initiation of criminal proceedings without probable cause against Plaintiff RICARDO BENTHAM.

141. The criminal proceeding terminated in favor of Plaintiff RICARDO BENTHAM through the dismissal of all criminal charges on the merits and the sealing thereof, indicating his innocence.

142. There was never any probable cause for the criminal proceeding.

143. Defendant LOCASIO and defendant KIRKLAND acted with actual malice against Plaintiff RICARDO BENTHAM.

144. As a result of the foregoing, Plaintiff RICARDO BENTHAM is entitled to compensatory damages against Defendant JENNIFER KIRKLAND, in an amount to be fixed by a jury, and is further entitled to punitive damages against against Defendant JENNIFER KIRKLAND in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**JURY DEMAND**

145. Plaintiff RICARDO BENTHAM hereby demands a trial by jury on all issues pursuant to the Seventh Amendment to the U.S. Constitution and CPLR § 4102(a).

## REQUEST FOR RELIEF

WHEREOF, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the defendants:

A.   full and fair compensatory damages in an amount to be determined by a jury;

B.   punitive damages against the individual defendants in an amount to be determined by a jury;

C.   reasonable attorneys' fees and costs and disbursements of this action; and

D.   such other and further relief that this Court may deem just, equitable and proper.

Dated: Queens, New York
       August 6, 2025

Respectfully submitted,

Karl J. Ashanti, Esq.
Musa-Obregon Law,
P.C.
*Attorneys for Plaintiff*
RICARDO BENTHAM
55-21 69th Street, 2nd Floor
Maspeth, NY 11378
(718) 803-1000
K.ashanti@musa-obregon.com